## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM LONG, Individually and For Others Similarly Situated,** | **Case No. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **JOHN BURNS CONSTRUCTION COMPANY** | |

## COMPLAINT

### SUMMARY

1.      John Burns Construction Company (JBCC) failed to pay William Long (Long) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead, JBCC paid Long and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3.      Long brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6.      Long resides and worked for JBCC in this District and Division.

### THE PARTIES

7.      During the relevant period, Long was an hourly employee of JBCC. Throughout his employment with JBCC, Long was paid the same hourly rate for all hours worked (including those

hours in excess of 40 hours in a single workweek) with no overtime compensation. His written consent is attached as Exhibit A.

8.      JBCC paid Long straight time for overtime regardless of whether he was classified as an independent contractor or a W-2 employee.

9.      Long brings this Action on behalf of himself and other similarly situated workers who were paid by JBCC's "straight time for overtime" system regardless of classification.

10.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

**All individuals that performed work on behalf of JBCC during the past 3 years who were paid straight time for overtime (the Putative Class Members).**

11.     Plaintiff seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

12.     JBCC is a for profit corporation incorporated in Illinois. JBCC may be served with process by serving its registered agent, William J. O'Malley at 17601 Southwest Highway, Orland Park, Illinois 60467.

## FLSA COVERAGE

13.     At all times hereinafter mentioned, Long was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14.     At all times hereinafter mentioned, JBCC was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     At all times hereinafter mentioned, JBCC was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     At all times hereinafter mentioned, JBCC was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

17.     JBCC has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

18.     At all times hereinafter mentioned, Long and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

19.     JBCC's misclassification of Long and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

### FACTS

20.     JBCC provides key services in general contracting, electrical infrastructure, telecommunications, and site utilities. https://www.jbconstructionco.com/about/ (last visited September 5, 2019).

21.     In order to provide services to its clients, JBCC hires employees and independent contractors it pays on an hourly basis.

22.     Long worked for JBCC as a Task Manager.

23.     Long was employed by JBCC from the beginning of October of 2018 until March of 2019.

24.     Long was an hourly employee of JBCC.

3

25. Long was also classified as an independent contractor by JBCC during this time.

26. Regardless of classification, Long's job duties were the same.

27. JBCC paid Long $75.00 for every approved hour worked.

28. Long reported the hours he worked to JBCC on a regular basis.

29. If Long worked under 40 hours, he was only paid for the hours he worked.

30. But Long normally worked more than 40 hours in a week.

31. For example, in the one-week pay period ending on March 25, 2019, Long worked 64 hours.

32. Long was paid his regular hourly rate of $75 for all 64 hours he worked that week.

33. The hours Long worked are reflected in JBCC's payroll records.

34. As shown, JBCC paid Long the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

35. JBCC did not pay Long overtime for all hours worked in excess of 40 hours in a single workweek.

36. Rather than receiving time and a half as required by the FLSA, Long only received "straight time" pay for overtime hours he worked.

37. This "straight time for overtime" payment scheme violates the FLSA.

38. JBCC was aware of the overtime requirements of the FLSA.

39. JBCC nonetheless failed to pay certain hourly employees, such as Long, overtime.

40. Very little skill, training, or initiative, in terms of independent business initiative, was required of Long to perform his job duties.

4

41.     Indeed, the daily and weekly activities of Long and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by JBCC.

42.     Virtually every job function performed by Long and the Putative Class Members was pre-determined by JBCC and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

43.     Long and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

44.     Long and the Putative Class Members performed routine manual and technical job duties that were largely dictated by JBCC.

45.     Long and the Putative Class Members perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person regardless of their classification as an employee or independent contractor.

46.     Regardless of their classification, Long and the Putative Class Members worked similar hours and were denied overtime because of the same illegal pay practice.

47.     JBCC and the Putative Class Members regularly worked in excess of 40 hours each workweek.

48.     JBCC did not pay Long and the Putative Class Members on a salary basis.

49.     JBCC paid Long and the Putative Class Members "straight time for overtime" regardless of their classification as employees or independent contractors.

50.     JBCC failed to pay Long and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

5

51. JBCC knew, or acted with reckless disregard for whether, Long and the Putative Class Members were misclassified as exempt.

52. JBCC's failure to pay overtime to these hourly workers regardless of classification was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53. The illegal pay practices JBCC imposed on Long were imposed on the Putative Class Members.

54. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

55. Numerous other individuals who worked with Long were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

56. Based on his experience and tenure with JBCC, Long is aware that JBCC's illegal practices were imposed on the Putative Class Members.

57. Regardless of classification, the Putative Class Members were not paid overtime when they worked more than 40 hours per workweek.

58. JBCC's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

59. Long's experiences are therefore typical of the experiences of the Putative Class Members.

60. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

6

61.     Long has no interests contrary to, or in conflict with, the Putative Class Members.

62.     Like each Putative Class Member, Long has an interest in obtaining the unpaid overtime wages owed under federal law.

63.     The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by JBCC.

64.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

65.     Absent a collective action, many Putative Class Members will not obtain redress of their injuries and JBCC will reap the unjust benefits of violating the FLSA.

66.     Furthermore, even if some Putative Class Members could afford individual litigation against JBCC, it would be unduly burdensome to the judicial system.

67.     If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to JBCC, and to the Court.

68.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

69.     The questions of law and fact common to each Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.      Whether JBCC required Long and the Putative Class Members to work more than 40 hours during individual workweeks;

    b.      Whether JBCC's decision to pay Long and the Putative Class Members straight time for overtime was made in good faith;

c.      Whether JBCC paid Long and the Putative Class Members on a salary basis;

d.      Whether JBCC failed to pay Long and the Putative Class Members at a rate of one and one-half times their regular rates of pay when they worked more than 40 hours in a single workweek;

e.      Whether JBCC's decision to classify Long and the Putative Class Members as independent contractors was made in good faith;

f.      Whether JBCC's decision to classify Long and the Putative Class Members as independent contractors was willful;

g.      Whether JBCC's violation of the FLSA was willful; and

h.      Whether JBCC's illegal pay practices were applied to Long and the Putative Class Members.

70.      Long and the Putative Class Members sustained damages arising out of JBCC's illegal and uniform employment policy.

71.      Long knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

72.      Long will fairly and adequately represent and protect the interests of the Putative Class Members.

73.      Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

74.      By failing to pay Long and the Putative Class Members overtime at one-and-one-half times their regular rates of pay, JBCC violated the FLSA's overtime provisions.

75.     JBCC owes Long and the Putative Class Members overtime pay at the proper overtime rate.

76.     Because JBCC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, JBCC owes these wages for at least the past three years.

77.     JBCC is liable to Long and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

78.     Long and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

79.     Long demands a Jury trial.

### PRAYER

80.     Long prays for relief as follows:

   a.   An order allowing this action to proceed as a collective action under the FLSA and directing notice to all the other hourly workers like him;

   b.   A judgment finding JBCC liable to Long and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c.   An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d.   An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _ /s/ Douglas M. Werman_____
      One of Plaintiff's Attorneys

Michael A. Josephson
Richard M. Schreiber
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Richard (Rex) J. Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788

Douglas M. Werman
Maureen A. Salas
WERMAN SALAS P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

**_Attorneys for Plaintiff and Others Similarly Situated_**